IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:20- cr-16 |
| | ) | |
| MATTHEW MICHAEL WALTER | ) | |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Maureen Sheehan-Balchon, Assistant United States Attorney for said district, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a two-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Receipt of material involving the sexual exploitation of a minor, August 21, 2019 and August 22, 2019 | 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) |
| 2 | Possession of material depicting the sexual exploitation of a minor, on or about August 22, 2019 | 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) |

### II. ELEMENTS OF THE OFFENSES

**A.** **As to Count 1:** In order for the crime of receipt of material involving the sexual exploitation of a minor, in violation of Title 18 United States Code, Sections 2252(a)(2)

and 2252(b)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1. That the defendant knowingly received a visual depiction of a minor using any means or facility of interstate or foreign commerce, including the Internet or a computer;

> United States v. Husmann, 765 F.3d. 169 (3d Cir. 2014); United States v. Finley, 726 F.3d 483 (3d Cir. 2014); United States v. Woerner, 709 F.3d 527 (5th Cir. 2013).

    2. That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct; and

> United States v. Woerner, 709 F.3d 527 (5th Cir. 2013); United States v. Chambers, 441 F.3d. 438 (6th Cir. 2006); United States v. Maxwell, 386 F.3d 1042, 1051-52 (11th Cir. 2004); United States v. Galo, 239 F.3d 572 (3d Cir. 2001); United States v. Lacy, 119 F.3d 742, 748-49 (9th Cir. 1997).

    3. That the visual depiction was of a minor engaging in sexually explicit conduct.

> United States v. Woerner, 709 F.3d 527 (5th Cir. 2013); Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002); United States v. Irving, 452 F.3d 110 (2d Cir. 2006); United States v. Hilton, 386 F.3d 13 (1st Cir. 2004); United States v. Marchand, 308 F. Supp. 2d 498 (D.N.J. 2004).

    **B.**   **As to Count 2:** In order for the crime of possession of material depicting the sexual exploitation of a minor, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1. That the defendant knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct.

> United States v. Heller, 551 F.3d. 1108 (9th Cir. 2009); United States v. Tucker, 305 F.3d 1193 (10th Cir. 2002); United States v. Grimes, 244 F.3d 375 (5th Cir. 2001).

2. That the visual depiction or the item which contained the visual depiction had been mailed, transported or shipped in or affecting interstate or foreign commerce, or had been produced using materials which had been mailed, shipped or transported or shipped in or affecting interstate or foreign commerce by any means, including by computer.

> United States v. Chambers, 441 F.3d. 438 (6th Cir. 2006); United States v. Maxwell, 386 F.3d 1042, 1051-52 (11th Cir. 2004); United States v. Galo, 239 F.3d 572 (3d Cir. 2001); United States v. Lacy, 119 F.3d 742, 748-49 (9th Cir. 1997).

3. That the production of the visual depiction (image) involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and such visual depiction is of such conduct.

> Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002); United States v. Irving, 452 F.3d 110 (2d Cir. 2006); United States v. Hilton, 386 F.3d 13 (1st Cir. 2004); United States v. Marchand, 308 F. Supp. 2d 498 (D.N.J. 2004).

4. That the defendant knew that the production of the visual depiction involved the use of a minor(s) engaging in sexually explicit conduct, and portrayed a minor(s) engaging in that conduct.

> U.S. v. X-citement Video, 513 U.S. 64 (1994); United States v. Grimes, 244 F.3d 375 (5th Cir. 2001); United States v. Matthews, 209 F.3d 338 (2d Cir. 2000); United States v. Knox, 32 F.3d 733 (3d Cir. 1994).

5. That the images involved prepubescent minors or minors who have not attained twelve (12) years of age.

## III. PENALTIES

**A.     As to Count 1: Receipt of material involving the sexual exploitation of a minor, in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1):**

1. Imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, Section 1591, or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the defendant shall be fined under this title and imprisoned not less than fifteen (15) years nor more than forty (40) years.

2. A fine of $250,000.00.

3. A term of supervised release of at least five (5) years and up to life.

**B.     As to Count 2: Possession of material depicting the sexual exploitation of a minor, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2):**

1. Imprisonment of not more than ten (10) years, but if the defendant has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than ten (10) years nor more than twenty (20) years.

2. A fine of $250,000.00 (18 U.S.C. §3571(b)(3)).

3. Supervised release for any term of years not less than five (5), or life (18 U.S.C. §3583(k)).

4

4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

An additional assessment of $5,000.00 must be imposed at each count upon which the defendant is convicted, as the offense was committed after May 29, 2015, and the offenses are located within Chapter 110 of Title 18, United States Code. 18 U.S.C. § 3014(a).

Further, with respect to Count 1, pursuant to 18 U.S.C. § 2259A(a)(2), an additional special assessment of not more than $35,000.00 shall be assessed, as the offense was committed after December 7, 2018, and the offense is for trafficking in child pornography as defined at 18 U.S.C. § 2259(c)(3).

Further, with respect to Count 2, pursuant to 18 U.S.C. § 2259A(a)(1), an additional special assessment of not more than $17,000.00 shall be assessed, as the offense was committed after December 7, 2018, and the offense is under § 2252(a)(4).

## V. RESTITUTION

Restitution may be required in this case as to Counts 1 and 2, together with any authorized penalty, as part of defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 2259. As to Counts 1 and 2, pursuant to 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim shall not be less than $3,000.00.

5

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*Maureen Sheehan-Balchon*
MAUREEN SHEEHAN-BALCHON
Assistant U.S. Attorney
PA ID No. 78059